UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FULTZ, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| ZENRESOLVE, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) **JURY DEMAND** |

## COMPLAINT

Now comes Christopher Fultz ("Plaintiff"), complaining as to ZenResolve, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

[ 1 ]

## PARTIES

4. Plaintiff is a natural person residing in Summit County, Ohio.

5. Defendant is a third-party debt collector located in Phoenix, Arizona.

6. Defendant acted through its agents at all times relevant to the instant action.

## INTRODUCTION

7. Plaintiff is a financially unfortunate individual who—in order to keep his household (which includes several children) afloat—has incurred many personal debts.

8. Plaintiff is constantly inundated with emails, telephone calls, and letters from various debt collectors.

9. To limit the emails flooding his inbox and the communications pouring into his phone, Plaintiff relies on the Fair Debt Collection Practices Act, 15 U.S.C. 1692c(a)(2), which states that a debt collector may not communicate with a consumer in connection with the collection of a debt:

> "[I]f the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

10. In this case, Plaintiff told Defendant that he was represented by an attorney, and he ensured that Defendant had the attorney's name and full contact information. His expectation was that communications would cease. Nevertheless, Defendant sent Plaintiff further emails, contrary to his wishes.

[ 2 ]

## FACTS

11. On or about May 4, 2021, Plaintiff incurred a debt to Niswi, LLC (hereinafter called "Lendumo," its trade name)—a tribal lender owned and controlled by the Chippewa Indians—in the approximate amount of $1,832.53 and having an account number ending in 7713 (the "account").

12. Plaintiff used the account to pay for everyday living expenses, such as groceries, household bills (e.g., electricity and gas), and everyday living expenses.

13. Plaintiff intended to pay off the loan, but he was in summer school at the time and struggled to pick up enough extra shifts at his job as a paramedic to make ends meet.

14. On or about July 20, 2021, Plaintiff informed the original creditor, Lendumo, that he was unable to continue making regular ACH payments and revoked permission to debit from his account.

15. After sending Plaintiff numerous payment reminders, Lendumo dubbed the account "severely delinquent."

16. The account then went into default.

17. Finally, Lendumo, on October 27, 2021, transferred Plaintiff's debt to Defendant ZenResolve, LLC ("Defendant") for collections.

18. Defendant began sending emails to Plaintiff to collect upon the account.

19. On or about November 2, 2021, Plaintiff informed Defendant that he was represented by an attorney and provided Defendant with his attorney's name and contact information, including the attorney's address.

20. Plaintiff expected that Defendant's communications would stop, as required by law.

21. On or about November 5, 2021, however, Defendant sent Plaintiff a further email concerning the notations on his account.

22. Defendant, rather than reaching out to the attorney directly, sent Plaintiff another email asking if he was filing for bankruptcy or if he had hired a "debt management company." This, Defendant clearly received Plaintiff's email.

23. On or about November 8, 2021, Defendant sent Plaintiff yet another email about his account that urged him to view his payment options and to set up a payment plan.

24. In particular, the email said:

We understand you might not be ready to pay off your entire balance of $1832.53 with Lendumo right now, and the good news is you don't have to! We can help you find a payment plan that fits your budget, and you're just a click away from getting started!

Click the link below, and you'll be on your way to finding a plan that works for you!

25. This is exactly the type of email that Plaintiff had expected would stop when he informed Defendant six days before of his attorney's contact information.

26. Even a single unwanted contact is sufficient to give rise to an injury-in-fact that satisfies the Article III standing requirement. *See Gadelhak v. AT&T Servs.*, 950 F.3d 458, 463 n.2 (7th Cir. 2020). Here, there were at least two contacts.

27. This action to enforce Plaintiff's rights under the FDCPA follows.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Plaintiff realleges the paragraphs above as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

31. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. Defendant's actions violated the following provisions of the FDCPA:

    a. 1692c(a)(2), because Defendant, once it knew that Plaintiff was represented by an attorney with respect to the debt, continued to communicate with Plaintiff regarding the account.

33. Defendant is directly and/or vicariously liable for the actions of its employees.

34. As a result of Defendant's conduct, Plaintiff's rights were violated, and his privacy was invaded.

[ 5 ]

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

35. Plaintiff realleges the above paragraphs as though fully set forth herein.

36. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

37. Plaintiff is a "person" as defined by R.C. 1345.01(B).

38. Defendant is a "supplier" as defined by R.C. 1345.01(C).

39. Debt collection is part of a "consumer transaction" as defined by R.C. 1345.01(A).

40. R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees, enhanced attorney fees, punitive damages, treble damages, and further relief.

41. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in the specific acts and practices in violation of the FDCPA as set forth above.

42. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to damages.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

 **a.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

 **b.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

 **c.** Awarding Plaintiff nominal damages;

 **d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

 **e.** Awarding Plaintiff $200 per violation of the CSPA; plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus enhanced attorney fees, treble and/or punitive damages, injunctive relief, and any other relief that the CSPA may provide; and

 **f.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

        By: s/ Jonathan Hilton

        Jonathan L. Hilton (0095742)
        HILTON PARKER LLC
        7544 Slate Ridge Blvd.
        Reynoldsburg, OH 43068
        Tel: (614) 992-2277
        Fax: (614) 927-5980
        jhilton@hiltonparker.com
        *Attorney for Plaintiff*