UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FULTZ, ) | CASE NO. 5:21-cv-2202 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ZENRESOLVE LLC, ) | |
| ) | |
| DEFENDANT. ) | |

On November 18, 2021, plaintiff Christopher Fultz ("Fultz") filed a complaint against defendant ZenResolve LLC ("ZenResolve") asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345, *et seq.* (Doc. No. 1, Complaint.)[1]

Fultz, who identifies himself as "a financially unfortunate individual" (*id.* ¶ 7), alleges that, in order to pay everyday household expenses, on or about May 4, 2021, he incurred a debt in the amount of $1,832.53 to a certain tribal lender owned and controlled by the Chippewa Indians. (*Id.* ¶ 11.) Eventually the lender transferred Fultz's debt to ZenResolve for collection[2] and ZenResolve

---

[1] After this action was filed, on December 21, 2021, plaintiff filed a Chapter 13 voluntary petition in bankruptcy, of which this Court takes judicial notice. *See In re Christopher A. Fultz*, Bankr. Case No. 21-51720. Although Fultz's bankruptcy petition disclosed the potential for this lawsuit and the contact information of Fultz's attorney herein, neither the bankruptcy trustee nor any creditor has appeared to oppose the lawsuit or to prohibit its prosecution. Nor does the filing of a Chapter 13 petition invoke the automatic stay provisions of the bankruptcy code. *See Beasley v. Pers. Fin. Corp.*, 279 B.R. 523, 528 (S.D. Miss. 2002) (collecting cases) ("A Chapter 13 debtor does *not* lose his right to sue upon filing his petition for bankruptcy.") (emphasis in original) (cited by *In re York*, 291 B.R. 806, 815 (Bankr. E.D. Tenn. 2003) ("the [Chapter 13] debtor has the right to bring suit because the debtor has the right to use the property")).

[2] Fultz's debt still belongs to the original lender, as made clear by the November 8, 2021 email sent by ZenResolve to Fultz. (*See* Doc. No. 1 ¶ 24 (seeking payment of the account balance "with Lendumo [the original lender]").) Therefore, the facts of this case do not fall under the holding of *Henson v. Santander Consumer USA Inc.*, -- U.S. --, 137 S. Ct. 1718, 1720–21 198 L. Ed. 2d 177 (2017) (the term "debt collector" "embraces the repo man—someone

began sending emails to plaintiff. (*Id.* ¶¶ 17–18.) On or about November 2, 2021, Fultz told ZenResolve that he was represented by counsel and provided ZenResolve with his counsel's contact information, anticipating that the emails would cease, as required by law. (*Id.* ¶¶ 19–20.) But ZenResolve continued to send Fultz numerous emails in an attempt to collect the debt, in violation of the FDCPA and the OCSPA. (*Id.* ¶¶ 21–25.) In his complaint, Fultz prayed for statutory damages, actual damages, nominal damages, and costs and reasonable attorney fees.

ZenResolve failed to move or otherwise plead with respect to the complaint, despite having been personally served on November 18, 2021, through its registered agent. (*See* Doc. No. 4, Return of Service.)

The Clerk entered default against ZenResolve on December 23, 2021 pursuant to Fultz's properly supported application made under Fed. R. Civ. P. 55(a). (*See* Doc. Nos. 5 and 6.) A copy of the entry was mailed to ZenResolve through its registered agent, as noted on the docket. (*See* docket notation dated 12/23/2021.) The docket does not reflect the return of any mail undelivered.

Plaintiff has now filed a properly supported motion for default judgment against defendant ZenResolve, as supplemented in a response to this Court's show cause order. (Doc. No. 7, Motion; Doc. No. 9, Response.) Under Fed. R. Civ. P. 55(b)(2), the Court is permitted to enter judgment in Fultz's favor. The Court finds no need to hold any evidentiary hearing (as is permitted under Rule 55), given that ZenResolve's failure to move or otherwise plead in response to the complaint constitutes an admission of the factual allegations contained therein. *See* Fed. R. Civ. P. 8(b)(6) ("an allegation—other than one relating to the amount of damages—is admitted if a responsive

---

hired by a creditor to collect an outstanding debt[,]" including "third party debt collection agents[,]" but not "individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account.").

pleading is required and the allegation is not denied[]"); *see Pope v. United States*, 323 U.S. 1, 22, 65 S. Ct. 16, 89 L. Ed. 3 (1944) ("It is a judicial function and an exercise of the judicial power to render judgment . . . when the defendant is in default . . . [and] by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." (citations omitted)).

For good cause shown, plaintiff Fultz's motion for default judgment against defendant ZenResolve is granted. A separate default judgment order will issue.

**IT IS SO ORDERED**.

Dated: March 9, 2022

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**